IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| **JEREMY O. FRANKLIN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| -VS- | * | |
| | * | |
| **DEPUTY CHIEF ROB BRYAN,** | * | |
| **CAPTAIN JARED AKINS, LT.** | * | |
| **COLSEN, SGT. SAXON, DETECTIVE** | * | |
| **WINSKEY, OFFICERS HENDRIX,** | * | |
| **STANCIL, RINER, WEBB, AMANDA** | * | |
| **LANE and TEN JOHN DOES in Their** | * | **CIVIL ACTION NO.:** 4:24cv-186 |
| **Individual and Official Capacities as** | * | |
| **Police Officers for the Statesboro Police** | * | |
| **Department, CITY OF STATESBORO,** | * | |
| **GEORGIA; DETECTIVE WILDER** | * | |
| **and TEN JOHN DOES in Their** | * | |
| **Individual and Official Capacities as** | * | |
| **Police Officers for the Hinesville Police** | * | |
| **Department; CITY OF HINESVILLE,** | * | |
| **GEORGIA,** | * | |
| | * | |
| **Defendants.** | * | |

**JEREMY O. FRANKLIN'S COMPLAINT FOR DAMAGES**

**JEREMY O. FRANKLIN**, Plaintiff in the above-styled action, files this Jeremy O. Franklin's Complaint for Damages and for compensatory and punitive damages against Defendants **DEPUTY CHIEF ROB BRYAN, CAPTAIN JARED AKINS, LT. COLSEN (Badge 208?), SGT. SAXON, DETECTIVE WINSKEY, (Badge 302?) OFFICERS HENDRIX (Badge 257?), STANCIL (Badge 251?), RINER (Badge 239?), WEBB, (Badge 234?) AMANDA LANE** and

**TEN JOHN DOES, (DEFENDANTS STATESBORO), CITY OF STATESBORO, GEORGIA; DETECTIVE WILDER** and **TEN JOHN DOES (DEFENDANTS HINESVILLE);** and **CITY OF HINESVILLE, GEORGIA**.

## I. INTRODUCTION

**-1-**

Mr. Franklin brings this action against Defendants to compensate him for damages and injuries suffered through the initiation and continuation of his malicious arrest and prosecution by Defendants and to punish the appropriate Defendants, for their wrongful acts against Mr. Franklin such that it will prevent the appropriate Defendants from subjecting others to such wrongful and egregious conduct.

**-2-**

Mr. Franklin brings this action under the Fourth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, as amended and codified at 42 U.S.C. §1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 under federal law, and under the laws of Georgia.

**-3-**

Mr. Franklin seeks damages for violation of his rights protected by the Fourth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, as amended and codified at 42 U.S.C. §1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 under federal law and the freedom to be free from malicious prosecution under Georgia law.

**-4-**

Mr. Franklin demands a trial by jury.

## II.  JURISDICTION

**-5-**

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises as a civil rights action under the laws of the United States.

## III.  VENUE

**-6-**

Venue properly lies before this Court pursuant to 28 U.S.C. §1391.

**-7-**

The incidents and injuries suffered by Mr. Franklin occurred in this judicial district, split between the Savannah and Statesboro Divisions.

**-8-**

At all times relevant to this Complaint, Mr. Franklin resided in Statesboro, Bulloch County, Georgia in the Statesboro Division of the United States District Court for the Southern District of Georgia.  28 U.S.C. § 90(c)(6).

## IV.  PARTIES

**-9-**

At all times relevant to this Complaint, Defendants Statesboro served as police officers for Defendant City of Statesboro.

**-10-**

At all times relevant to this Complaint, Defendants Hinesville served as police officers for Defendant City of Hinesville.

-11-

At all times relevant to this Complaint, Defendants City of Hinesville and City of Statesboro operated their respective municipalities.

V.   STATEMENT OF THE FACTS

-12-

**JEREMY O. FRANKLIN** and **FAITH E. FERRELL** welcomed the birth of their child AZF in 2019.

-13-

Mr. Franklin and Ms. Ferrell married on August 17, 2020, which legitimized AZF.

-14-

On January 31, 2021 Mr. Franklin went to his wife's home in Hinesville, Georgia and retrieved AZF, to whom Mr. Franklin had equal rights.

-15-

Defendants Statesboro conducted welfare checks on AZF on February 1, 2021 after Ms. Ferrell claimed that Mr. Franklin did not have authority to take AZF.

-16-

Defendants Hinesville obtained warrants for kidnaping, interference with custody, and burglary without probable cause.

-17-

Defendants Hinesville informed Defendants Statesboro of the warrants.

-18-

Defendants Statesboro took Mr. Franklin to the Defendants Statesboro's police station.

-19-

There, Defendants Statesboro arrested Mr. Franklin on the Hinesville warrants.

-20-

Defendants Statesboro also arrested Mr. Franklin for alleged incidents that occurred when Defendants Statesboro invaded Mr. Franklin home concerning AZF.

-21-

Mr. Franklin had lawful custody of AZF.

-22-

On July 26, 2022, the Liberty County Superior Court entered a *Nolle Prosequi* in favor of Mr. Franklin that disposed of all charges in Liberty County.

-23-

On September 12, 2022, the Bulloch County Superior Court entered a *Nolle Prosequi* in favor of Mr. Franklin that disposed of all charges in Bulloch County.

-24-

During the pendency of the prosecutions, Defendants incarcerated Mr. Franklin for several months between the Bulloch, Ware, and Liberty County jails.

-25-

None of the Defendants obtained warrants on probable cause.

-26-

All Defendants acted under color of state law.

## VI. *ANTE LITEM* NOTICE

**-27-**

Counsel has attached and incorporated into this Complaint as Exhibit "A," the *ante litem* notice served on Defendant City of Hinesville.

**-28-**

Counsel has attached and incorporated into this Complaint as Exhibit "B," the *ante litem* notice served on Defendant City of Statesboro.

## VI. CLAIMS FOR RELIEF

**-29-**

Mr. Franklin makes the following claims against Defendants.

### COUNT I

### FOURTH AMENDMENT
### MALICIOUS PROSECUTION
### 42 U.S.C. § 1983
### DEFENDANTS HINESVILLE AND CITY OF HINESVILLE

**-30-**

Defendants Hinesville and City of Hinesville initiated and continued the prosecution of Mr. Franklin without probable cause and with deliberate intention to do wrong because they knew that Mr. Franklin had rights to his child when they arrested and incarcerated Mr. Franklin.

**-31-**

As a result of this prosecution without probable cause, Defendants Hinesville and City of Hinesville jailed Mr. Franklin for several months during the prosecution of Mr. Franklin without probable cause.

-32-

All the Hinesville (Liberty County) charges against Mr. Franklin terminated in Mr. Franklin's favor on July 26, 2022.

-33-

As a direct and proximate result of Defendants Hinesville and City of Hinesville's deprivation of Mr. Franklin's rights to be free from malicious prosecution,, Mr. Franklin has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

-34-

Defendants Hinesville undertook their conduct in utter disregard of Mr. Franklin's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Franklin to recover punitive damages in an amount to be decided by a jury to deter Defendant Hinesville from future wrongdoing.

## COUNT II

**FOURTH AMENDMENT**
**MALICIOUS PROSECUTION**
**42 U.S.C. § 1983**
**DEFENDANTS STATESBORO AND CITY OF STATESBORO**

-35-

Defendants Statesboro and City of Statesboro initiated and continued the prosecution of Mr. Franklin without probable cause and with deliberate intention to do wrong because they knew that Mr. Franklin had rights to his child when they arrested and incarcerated Mr. Franklin.

**-36-**

As a result of this prosecution without probable cause, Defendants Statesboro and City of Statesboro jailed Mr. Franklin for several months during the prosecution of Mr. Franklin without probable cause.

**-37-**

As a result of this prosecution without probable cause, Defendants Statesboro and City of Statesboro jailed Mr. Franklin for several months during the prosecution of Mr. Franklin without probable cause.

**-38-**

All the Statesboro (Bulloch County) charges against Mr. Franklin terminated in Mr. Franklin's favor on September 12, 2022.

**-39-**

As a direct and proximate result of Defendants Statesboro and City of Statesboro's deprivation of Mr. Franklin's rights to be free from malicious prosecution, Mr. Franklin has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

**-40-**

Defendants Statesboro undertook their conduct in utter disregard of Mr. Franklin's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Franklin to recover punitive damages in an amount to be decided by a jury to deter Defendants Statesboro from future wrongdoing.

## COUNT III

## MALICIOUS PROSECUTION
## GEORGIA LAW
## DEFENDANTS HINESVILLE AND CITY OF HINESVILLE

-41-

Defendants Hinesville and City of Hinesville initiated and continued the prosecution of Mr. Franklin without probable cause and with deliberate intention to do wrong because they knew that Mr. Franklin had rights to his child when they arrested and incarcerated Mr. Franklin.

-42-

As a result of this prosecution without probable cause, Defendants Hinesville and City of Hinesville jailed Mr. Franklin for several months during the prosecution of Mr. Franklin without probable cause.

-43-

All the Hinesville (Liberty County) charges against Mr. Franklin terminated in Mr. Franklin's favor on July 26, 2022.

-44-

As a direct and proximate result of Defendants Hinesville and City of Hinesville's deprivation of Mr. Franklin's rights to be free from malicious prosecution, Mr. Franklin has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

**-45-**

Defendants Hinesville undertook their conduct in utter disregard of Mr. Franklin's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Franklin to recover punitive damages in an amount to be decided by a jury to deter Defendants Hinesville from future wrongdoing.

## COUNT IV

## MALICIOUS PROSECUTION
## GEORGIA LAW
## DEFENDANTS STATESBORO AND CITY OF STATESBORO

**-46-**

Defendants Statesboro and City of Statesboro initiated and continued the prosecution of Mr. Franklin without probable cause and with deliberate intention to do wrong because they knew that Mr. Franklin had rights to his child when they arrested and incarcerated Mr. Franklin.

**-47-**

As a result of this prosecution without probable cause, Defendants Statesboro and City of Statesboro jailed Mr. Franklin for several months during the prosecution of Mr. Franklin without probable cause.

**-48-**

All the Statesboro (Bulloch County) charges against Mr. Franklin terminated in Mr. Franklin's favor on September 12, 2022.

**-49-**

As a direct and proximate result of Defendants Statesboro and City of Statesboro's deprivation of Mr. Franklin's rights to be free from malicious prosecution, Mr. Franklin has

suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

-50-

Defendants Statesboro undertook their conduct in utter disregard of Mr. Franklin's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Franklin to recover punitive damages in an amount to be decided by a jury to deter Defendants Statesboro from future wrongdoing.

## COUNT V

## FOURTEENTH AMENDMENT
## MALICIOUS PROSECUTION
## 42 U.S.C. § 1983
## DEFENDANTS HINESVILLE AND CITY OF HINESVILLE

-51-

Defendants Hinesville and City of Hinesville initiated and continued the prosecution of Mr. Franklin without probable cause and with deliberate intention to do wrong because they knew that Mr. Franklin had rights to his child when they arrested and incarcerated Mr. Franklin.

-52-

As a result of this prosecution without probable cause, Defendants Hinesville and City of Hinesville jailed Mr. Franklin for several months during the prosecution of Mr. Franklin without probable cause.

-53-

All the Hinesville (Liberty County) charges against Mr. Franklin terminated in Mr. Franklin's favor on July 26, 2022.

-54-

As a direct and proximate result of Defendants Hinesville and City of Hinesville's deprivation of Mr. Franklin's rights to be free from malicious prosecution,, Mr. Franklin has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

-55-

Defendants Hinesville undertook their conduct in utter disregard of Mr. Franklin's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Franklin to recover punitive damages in an amount to be decided by a jury to deter Defendant Hinesville from future wrongdoing.

## COUNT VI

### FOURTEENTH AMENDMENT
### MALICIOUS PROSECUTION
### DEFENDANTS STATESBORO AND CITY OF STATESBORO
### 42 U.S.C. § 1983

-56-

Defendants Statesboro and City of Statesboro initiated and continued the prosecution of Mr. Franklin without probable cause and with deliberate intention to do wrong because they knew that Mr. Franklin had rights to his child when they arrested and incarcerated Mr. Franklin.

-57-

As a result of this prosecution without probable cause, Defendants Statesboro and City of Statesboro jailed Mr. Franklin for several months during the prosecution of Mr. Franklin without probable cause.

-58-

All the Statesboro (Bulloch County) charges against Mr. Franklin terminated in Mr. Franklin's favor on September 12, 2022.

-59-

As a direct and proximate result of Defendants Statesboro and City of Statesboro's deprivation of Mr. Franklin's rights to be free from malicious prosecution, Mr. Franklin has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

-60-

Defendants Statesboro undertook their conduct in utter disregard of Mr. Franklin's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Franklin to recover punitive damages in an amount to be decided by a jury to deter Defendants Statesboro from future wrongdoing.

## COUNT VII

### DEFENDANT CITY OF HINESVILLE
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

-61-

Defendant City of Hinesville at all relevant times has maintained a policy, custom, or practice that has been the cause, the moving force, behind the violation of citizens' rights. Specifically, this policy, custom, or practice involves:

a. Initiating and continuing arrests without probable cause;

b. Failing to train officers on the law regarding child custody, and legitimation.

-62-

The above-described policies, customs, or practices were the direct, proximate cause of Defendant City of Hinesville's violating Mr. Franklin's Fourth and Fourteenth Amendment rights, enforceable through 42 U.S.C. § 1983.

-63-

As a direct and proximate result of Defendant City of Hinesville's deprivation of Mr. Franklin's rights protected by federal and state law, Mr. Franklin has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

-64-

Defendant George undertook his conduct in utter disregard of Mr. Franklin's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Franklin to recover punitive damages in an amount to be decided by a jury to deter Defendant George from future wrongdoing.

## COUNT VII

### DEFENDANT CITY OF STATESBORO
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

-65-

Defendant City of Statesboro at all relevant times have maintained a policy, custom, or practice that has been the cause, the moving force, behind the violation of citizens' rights. Specifically, this policy, custom, or practice involves:

    a.    Initiating and continuing arrests without probable cause;

    b.    Failing to train officers on the law regarding child custody, and legitimation.

**-66-**

The above-described policies, customs, or practices were the direct, proximate cause of Defendant City of Statesboro's violating Mr. Franklin's Fourth and Fourteenth Amendment rights, enforceable through 42 U.S.C. § 1983.

**-67-**

As a direct and proximate result of Defendant City of Statesboro's deprivation of Mr. Franklin's rights protected by federal and state law, Mr. Franklin has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

## COUNT VIII

### ATTORNEY FEES
### CIVIL RIGHTS ATTORNEY'S FEES AWARDS ACT OF 1976
### 42 U.S.C. §1988

**-68-**

Should Mr. Franklin prevail, he seeks attorney fees under the Civil Rights Attorney's Fees Awards Act of 1976, as amended and codified at 42 U.S.C. §1988.

### VII. RELIEF REQUESTED

**JEREMY O. FRANKLIN,** Plaintiff in the above-styled action, requests the judgment of this Court against Defendants in each Count as stated above.

**JEREMY O. FRANKLIN DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted this 24th day of July 2024.

/s/ *James A. Yancey, Jr.*
JAMES A. YANCEY, JR.
Attorney for Jeremy O. Franklin
State Bar of Georgia No.: 779725
James A. Yancey, Jr., Attorney at Law, P.C.
704 G Street
Brunswick, Georgia 31520-6749
(912) 265-8562 (Office)
(912) 265-8564 (Fax)
Email: jayjr@standinthegap.biz
C:\WPDOCS\CIVILRIGHTS\A-LM-Z\POLICE   MISCONDUCT\A-L\2024\FRANKLIN-J.CVR\M-Z\PLEADINGS\FRANKLIN\COMPLAINT FOR DAMAGES