UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JEREMY O. FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-186 |
| | ) | |
| DEPUTY CHIEF | ) | |
| ROB BRYAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The undersigned previously denied Plaintiff's Motion asking the Court to authorize the *nunc pro tunc* filing of his Complaint to July 24, 2024, the date counsel attempted to file it via the Court's CM/ECF system. *See* doc. 7. Plaintiff moves for reconsideration of that Order. Doc. 8. For the reasons explained below, that Motion is **DENIED**. Doc. 8.

The decision to grant a motion for reconsideration is at the Court's discretion. *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). Motions for reconsideration are to be filed "only when 'absolutely necessary' where there is: (1) newly discovered evidence; (2) an intervening development or change in

controlling law; or (3) a need to correct a clear error of law or fact." *Murray v. ILG Techs., LLC*, 2019 WL 498849, at *1 (S.D. Ga. Feb. 8, 2019) (citing *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003)). In this context, "new evidence" is not merely evidence that was not previously presented. *See, e.g.*, *Mays v. United States Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (holding that "where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion."). Motions for reconsideration are "not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it 'could have done it better' the first time." *Murray,* 2019 WL 498849, at *1 (citing *Pres. Endangered Areas of Cobb's History, Inc. v. United States Army Corps. Of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd* 87 F.3d 1242 (11th Cir. 1996)).

Plaintiff's counsel disputes the Court's prior determination that the Complaint, which counsel intended to file on July 24, 2024, was not filed with the Clerk as required by Federal Rule of Civil Procedure 3 or this Court's Local Rules until August 19, 2024. *See* doc. 7 at 2-3; *see also* doc.

8. He contends that he *did* file the Complaint, but a "malfunction intervened that prevented the delivery of the Complaint to the proper place within the CM/ECF system." Doc. 8 at 3. Because he has "no control over the inner workings of the CM/ECF system," he argues the Clerk was in possession of the theoretically filed pleading. *Id.* at 7. To vindicate his position, he points to what he believes are other "technical errors with the CM/ECF system." *Id.*

These other alleged "technical errors" with the Court's e-filing system occurred in the case *Lee v. Necco, LLC*, 2:24-cv-100 (S.D. Ga. Aug. 21, 2024). *See* doc. 8 at 4. There, after Defendant removed the case to this Court's Brunswick's Division, the Clerk issued a Removal Notice to All Counsel of Record, directing Plaintiff's counsel to enter an appearance within ten days. *See* 2:24-cv-100, doc. 3 (S.D. Ga. Aug. 21, 2024). After Plaintiff's counsel failed to appear, the Court issued an Order to Show Cause. *See* 2:24-cv-100, doc. 6 (S.D. Ga. Sept. 9, 2024). The Clerk emailed a copy to counsel, who had not yet appeared and was therefore not entered as counsel of record on the docket. *See* doc. 8-2. Counsel believes that his not receiving Notices of Electronic Filing ("NEFs") of documents filed in CM/ECF before his appearance in the case must

3

"demonstrate the fallibility of the CM/ECF system." Doc. 8 at 5. Counsel is mistaken. He did not receive them because he did not comply with the Clerk's direction to enter his appearance in the case. There is no indication that the CM/ECF's failure to send NEFs to an attorney who had not appeared is an "error" at all, technical or otherwise. *Cf.*, S.D. Ga. LR Civ. 83.6(a) ("The filing of any pleadings shall . . . constitute an appearance by the person who signs such pleading."). Counsel's non-receipt of NEFs in a different case, due to his own neglect, does not alter the Court's analysis of Plaintiff's prior Motion in this case.

Plaintiff's counsel's mistaken belief that the Court's CM/ECF system malfunctioned, such that his Complaint was "filed" but did not arrive to the Clerk's office, is insufficient to support reconsideration of the Court's prior Order. The Motion for Reconsideration is, therefore, **DENIED**. Doc. 8. The docket correctly reflects that the Complaint was filed on August 19, 2024.

**SO ORDERED**, this 24th day of October, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA