IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JEREMY O. FRANKLIN, | |
| Plaintiff, | CIVIL ACTION NO.: 4:24-cv-186 |
| v. | |
| DEPUTY CHIEF ROB BRYAN, et al., | |
| Defendants. | |

**O R D E R**

The Clerk docketed Plaintiff's Complaint on August 19, 2024.  (Doc. 1.)  On August 26, 2024, Plaintiff filed a "Motion to Date the Filing of Jeremy O. Franklin's Complaint for Damages on July 24, 2024, the Date Counsel Attempted its Filing."  (Doc. 5.)  In that Motion, without citing to *any* authority, Plaintiff asked the Court to "allow the clerk's office to show on Jeremy O. Franklin's Complaint for Damages a filing date of July 24, 2024," since that was the date Plaintiff's counsel attempted to file the Complaint using the Court's e-filing system.  (Id., pp. 2-5.)  Based on a straightforward application of Federal Rule of Civil Procedure 3 and this Court's Local Rules, the Magistrate Judge denied the Motion because the Complaint was not "in the actual or constructive possession of the clerk" on July 24, 2024.  (Doc. 7 (quoting, inter alia, Rodgers ex rel Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986).)  Plaintiff moved for reconsideration of the Order.  (Doc. 8.)  The Magistrate Judge denied the Motion for Reconsideration.  (Doc. 9.)  Plaintiff has filed an "Objection to the Court's Order Denying Motion to Reconsider," which the Court construes as an objection pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a).  (Doc. 12.)

The Magistrate Judge's Order denying Plaintiffs' Motion for Reconsideration is subject to the deferential clearly erroneous standard of review. The statute governing referrals to the Magistrate Judge provides:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the magistrate judge's ruling stands. "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, No. CV412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

In the challenged Order, the Magistrate Judge explained that "[t]he decision to grant a motion for reconsideration is at the Court's discretion." (Doc. 9, p. 1.) He then recited the standard for motions for reconsideration, which are to be filed "only when absolutely necessary where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." (Doc. 9, pp. 1-2 (internal citations and quotations omitted)). Through the lens of this standard, the Magistrate Judge considered Plaintiff's argument that some unidentified technical error within the Court's e-filing

2

system prevented the timely delivery of his complaint. (Id., pp. 2-4.) The Magistrate Judge rejected Plaintiff's argument, noting that it was based on an incorrect assumption and was, therefore, insufficient to support reconsideration of the prior Order. (Id., p. 4.)

Plaintiff's Objection does not explain why the Magistrate Judge's Order is clearly erroneous or argue that it fails to follow or misapplies the applicable law. (See generally doc. 12.) Instead, Plaintiff's counsel discusses a new case he successfully filed, and argues that his ability to successfully complete the e-filing process for the new case justifies reconsideration of the Magistrate Judge's original decision to deny his request to permit the Clerk to backdate his Complaint in this case. (Id., pp. 2-4.) The Objection, consistent with Plaintiff's other filings, is devoid of any citation to *any authority*, binding, persuasive, or otherwise, that would empower the Court to permit the Clerk to backdate the filing of a Complaint in contravention of Federal Rule of Civil Procedure 3 and the Court's own Local Rules. Whether counsel's failure to complete his attempted filing of the Complaint was due to a technical error, a mistake, or some other explanation, Plaintiff has not identified any compelling argument to justify a determination that the Complaint was filed as contemplated by Rule 3 on July 24, 2024.

Plaintiffs' appeal does not raise any clear error in the Order, does not identify a failure to follow or a misapplication of law, and does not otherwise raise an argument that leaves the Court "with a definite and firm conviction that a mistake has been made." Jackson, 2013 WL 3991793, at *2. The appeal is, therefore, **OVERRULED**. (Doc. 12.) The Magistrate Judge's Order stands. (Doc. 9.) The docket correctly reflects that the Complaint was filed on August 19, 2024.

This Order should not be construed as offering any opinion on the implications of the Complaint's filing date on the applicable statute of limitations.

**SO ORDERED**, this 4th day of December, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA