IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JEREMY O. FRANKLIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPUTY CHIEF ROB BRYAN; CAPTAIN JARED AKINS; LT. COLSON; SGT. SAXON; DETECTIVE WINSKEY; OFFICERS HENDRIX, STANCIL, RINER, WEBB, AMANDA LANE, and TEN JOHN DOES in their individual and official capacities as Police Officers for the Statesboro Police Department; CITY OF STATESBORO, GEORGIA; DETECTIVE WILDER and TEN JOHN DOES, in their individual and official capacities as Police Officers for the Hinesville Police Department; CITY OF HINESVILLE, GEORGIA,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 4:24-cv-00186 |

**O R D E R**

This action arises from Plaintiff Jeremy Franklin's allegedly malicious prosecution. (Doc. 1.) Plaintiff asserted several claims against the City of Statesboro, as well as Jared Akins, "Officer Hendrix," "Officer Riner," and "Sgt. Saxon," (hereinafter, the "Statesboro Officers"), in "[t]heir Individual and Official Capacities as Police Officers for the Statesboro Police Department." (Id.) Three of Plaintiff's claims are against both the Statesboro Officers and the City of Statesboro: Count II (for "Fourth Amendment Malicious Prosecution"); Count IV (for "Malicious Prosecution [under] Georgia Law"); and Count VI (for "Fourteenth Amendment Malicious Prosecution"). (Id.

at pp. 7–8, 10–11, 12–13.) One claim, Count VIII[1] (for "Municipal Liability" under Section 1983), is against the "City of Statesboro" only. (Id. at pp. 14–15.) In a prior Order, the Court ordered the parties to file supplemental briefs addressing whether the Court can exercise jurisdiction over the City or over the Statesboro Officers in their official capacities. (Doc. 49.) Having reviewed the parties' briefs, the claims against the City and against the Statesboro Officers in their official capacities are, for the reasons explained below, **DISMISSED without prejudice**.

## BACKGROUND

The Statesboro Officers filed a Motion to Dismiss arguing the Court should dismiss Counts II, IV, VI, and VIII—both as to the Statesboro Officers in their individual and official capacities, and as to the City of Statesboro. (Doc. 34.) In the prior Order, the Court granted in part and denied in part the Motion. (Doc. 49.) Regarding the claims against the Statesboro Officers, the Court granted dismissal of the individual-capacity claims in Count VI and denied dismissal of the individual-capacity claims in Counts II and IV. (Id. at pp. 14–20.) Alternatively—to the extent Counts II, IV, VI, and VIII asserted official-capacity claims against the officers or claims against the City of Statesboro (hereinafter, collectively, the "City Claims")—the Court issued a different ruling. (Id. at p. 14.)

The Statesboro Officers argued in their Motion that the City Claims should be dismissed because, among other things, they were barred by sovereign immunity and Monell v. Department of Social Services, 436 U.S. 658, 658 (1978). (Doc. 34, pp. 9–11, 12–15.) The Court indicated in its prior Order that these arguments were compelling. (Doc. 49, pp. 13–15; see also id. at pp. 9–

---

[1] In listing his claims, Plaintiff labels both his seventh and eighth claims as "Count VII." (See doc. 1, pp. 13–14.) Thereafter, Plaintiff labels his ninth and final claim as "Count VIII." (Id. at p. 15.) For purposes of this Order, the Court will refer to the claim that appears eighth in the Complaint—for "municipal liability" against the City of Statesboro—as Count VIII. (See id. at pp. 14–15.)

2

12.) However, while Plaintiff had served the individual Statesboro Officers, he had not provided proof of service for the City and the City had not joined in the Motion to Dismiss or otherwise appeared in the case. (Id. at pp. 13.) It was therefore not clear that the Court had jurisdiction over the City Claims—especially considering that the Eleventh Circuit Court of Appeals has yet to address a circuit split on whether service of an underlying city is a requirement for jurisdiction over official-capacity claims against the city's employees. (Id.; see also id. at p. 14 n.6 (citing Hudson v. Morris, No. 4:20-cv-120, 2021 WL 2188571, at *2 (S.D. Ga. May 28, 2021)).) The Court accordingly denied the Motion without prejudice insofar as it sought dismissal of Plaintiff's claims against the City or against the Statesboro Officers in their official capacities. (Id. at p. 14.) The Court directed the parties to file supplemental briefs addressing whether the Court had jurisdiction over the City or the Statesboro Officers in their official capacities. (Id.)

## DISCUSSION

"Valid service of process is a prerequisite for a federal court to assert personal jurisdiction over a defendant." Laster v. City of Albany, Ga., Water, Gas & Light Co., 517 F. App'x 777, 777 (11th Cir. 2013). "[I]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Federal Rule of Civil Procedure 4(e) governs service on an individual and Rule 4(j)(2) addresses service on a state or local government. However, the Federal Rules do not set out the proper method of service on a state officer sued in his official capacity. See Hudson, 2021 WL 2188571, at *2. Furthermore, the Eleventh Circuit has not addressed a split among the circuits on whether jurisdiction over official-capacity claims requires that a claimant serve the underlying city. (See id.; see also doc. 49, p. 14 n.6.)

Although Plaintiff states numerous claims against the City of Statesboro and the Statesboro Officers in their official capacities, he has not served the City. (See doc. 49, p. 13.) The Statesboro Officers nevertheless assert in their supplemental brief that the Court should exercise jurisdiction over the City Claims and dismiss those claims on the merits based on sovereign immunity and Monell. (Doc. 50, pp. 4–6.) In the alternative—that is, assuming Plaintiff *was* required to serve the City—the Statesboro Officers argue that under Federal Rule of Civil Procedure 4(m) the lack of service requires that the Court dismiss the City Claims without prejudice. (Id. at pp. 7–9.) Plaintiff agrees with the Statesboro Officers' second argument. (Doc. 54, pp. 3–4.) In Plaintiff's supplemental brief, he asserts that his failure to serve the City negates jurisdiction for those claims and concedes that the City Claims should therefore be dismissed without prejudice. (Id.) Because the arguments for jurisdiction over the City Claims are not persuasive, the Court will dismiss the claims without prejudice.

**I.     The Court Declines to Exercise Jurisdiction over the City of Statesboro.**

In arguing the Court has jurisdiction over the City Claims, the Statesboro Officers first suggest that the Court should find in their favor on the circuit-split issue and rule that service on an individual officer automatically confers jurisdiction over an underlying city. (Doc. 50, pp. 4–6.) The Statesboro Officers cite Kentucky v. Graham, 473 U.S. 159, 165 (1985), for the rule that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent," and reason from this principle that "defenses raised on behalf of officers in their official capacities are [therefore] defenses on behalf of the municipality." (Doc. 50, p. 5.) The Statesboro Officers seem to conclude that this apparent ability for individual officers to act on behalf of cities means that service on an officer is sufficient to confer jurisdiction over a city. (Id. at pp. 5–6.)

Alternatively, the Statesboro Officers contend that the Court could exercise jurisdiction over the City Claims without even addressing the circuit split because the City supposedly "waived" any jurisdictional defenses. (Id. at pp. 6–7.) According to this argument, the principle that official-capacity claims and direct claims against municipalities are "functionally [] equivalent" implies that the Court should treat the Statesboro Officers' Motion to Dismiss as "an appearance by the City." (Id. at p. 6.) The Statesboro Officers thus aver that the City waived any service-related objections when the Statesboro Officers appeared on its behalf and filed a Motion to Dismiss that engaged the merits without reserving jurisdictional defenses. (Id. at pp. 6–7.)

The Court rejects these arguments. First—without deciding whether service on cities is necessarily required for jurisdiction over official-capacity claims—the Court finds the argument offered by the Statesboro Officers for resolving the split in their favor uncompelling. To be sure, the Statesboro Officers are correct in asserting that official-capacity suits are generally just another way to plead a suit directly against a city. See, e.g., Graham, 473 U.S. at 165. However, as referenced in the Statesboro Officers' own brief, that principle most typically applies "for purposes of liability and immunity." (See doc. 50, p. 5 (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989)).) Beyond identifying the general concept that official-capacity claims and municipal claims are similar, the Statesboro Officers provide no authority that addresses the discrete question at issue here—that is, whether the similarity of those claims makes *service* upon the underlying city wholly unnecessary.

Second, the idea that a "waiver" by the City allows the Court to exercise jurisdiction without deciding the unresolved service issue does not carry water. That argument asks the Court to find that the Statesboro *Officers'* Motion to Dismiss was an "appearance" by the *City*—even though the City did not receive service or effectively join in the Motion. (Id. at pp. 6–7.) But,

contrary to the Statesboro Officers' contention, such a ruling *would* answer the question at the center of the circuit split: whether the interchangeability of official-capacity claims and direct claims against a city means that only the officer need receive process.  See Hudson, 2021 WL 2188571, at *2.  Indeed, there is no meaningful difference between the Statesboro Officers' "waiver" argument and their circuit-split argument—both theories rely on the contention that the Statesboro Officers' Motion to Dismiss was an "appearance" on the behalf of the City despite the lack of service on the City or formal joinder in the Motion by a City representative.

The Statesboro Officers protest that, notwithstanding any procedural deficiencies, the Court should still assert jurisdiction over the City Claims and dismiss them on the merits in light of the Federal Rules' preference for "just, speedy, and inexpensive determination[s] of every action." (Doc. 50, p. 6 (citing Fed. R. Civ. P. 1).) According to the Statesboro Officers, their Motion to Dismiss "defend[s] the City's interests," and they purposefully refrained from raising service objections in that Motion only because of "the unresolved legal issue on the matter and instead moved to dismiss the claims based on strong legal defenses." (Id. at pp. 6–7.) Further, for the first time in this litigation, the Statesboro Officers' attorney affirmatively claims in the argument section of their supplemental brief that he "represents the City in this matter." (Id. at p. 6.) Despite the Court's explicit refusal in the prior Order to assume representation of the City or appearance by the City based on a Motion to Dismiss in which the City "did not formally join," (doc. 49, p. 13), the attorney maintains that "[n]o separate 'formal joinder' by the City was required" because both his representation of the City and the City's appearance through the Motion was "evidenced by the Motion's caption and arguments." (Doc. 50, p. 6.) The Statesboro Officers therefore aver that a refusal to exercise jurisdiction over the City "would elevate form over substance." (Id.)

This is not persuasive.  The Statesboro Officers' criticism of "form over substance" is antithetical to the concept of service of process; to ensure due process, courts exercising jurisdiction must be "careful to determine that service of process was in substantial compliance with the *formal requirements* of the Federal Rules."  Prewitt Enters., Inc. v. Org. of Petroleum Exp., 353 F.3d 916, 924 n.14 (11th Cir. 2003).  The very nature of the protection afforded by this requirement demands that its formalities always be met—even when ignoring the rules might seem more convenient.  See, e.g., Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service.")

Moreover, the new statement in the Statesboro Officers' supplemental brief that their attorney represents the City does not alter the Court's ruling.  The docket before the Court continues to list the City as unrepresented in this matter and the record remains bereft of any filings attributed to the City.  (See doc. 49, p. 13.)  As should have been clear from the prior Order, the Court is not in the position to assume the City's representation, appearance, or waiver from anything in the Motion to Dismiss, particularly given that its caption only identified the individual Statesboro Officers as the movants (and counsel's signature block stated that he was counsel for the officers and did not state that he represented—much less that he was filing the Motion on behalf of—the City) and given that the Motion's arguments signal, at best, that the Statesboro Officers *believe themselves* to be acting on behalf of the City.  The Court accordingly finds that it cannot exercise jurisdiction over the City Claims.

## II.     The Claims against the City of Statesboro and the Statesboro Officers in their Official Capacities Should be Dismissed Without Prejudice.

Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made

within a specified time." The Statesboro Officers argue in their supplemental brief that "[e]ven if the City did not appear and move to dismiss the claims against it, if separate service under Rule 4(j) was required for the official-capacity claims, then dismissal without prejudice is mandatory under Rule 4(m)." (Doc. 50, p. 8.) Plaintiff likewise states in his supplemental brief that "the lack of service on the City of Statesboro does not give the Court jurisdiction over the City of Statesboro as to the official capacity claims against the officers." (Doc. 54, p. 4.) Plaintiff therefore assures the Court that he "will not pursue the served Defendants in their official capacities or Defendant City." (Id.) The City Claims are accordingly due to be dismissed without prejudice.

## CONCLUSION

Considering that Plaintiff has not served the city, the Court will not assert jurisdiction over the City of Statesboro or the Statesboro Officers in their official capacities. The City of Statesboro is accordingly **DISMISSED without prejudice**. Counts II, IV, and VI are **DISMISSED without prejudice** as to the City of Statesboro, and as to Defendants Jared Akins, "Officer Hendrix," "Officer Riner," and "Sgt. Saxon," in their official capacities. Because it asserts claims against the City of Statesboro only, Count VIII[2] is **DISMISSED without prejudice** in its entirety. The Court **DIRECTS** the Clerk of Court to **LIFT** the discovery stay, (doc. 25), and **DIRECTS** the parties to confer and submit a Rule 26(f) Report within **fourteen (14) days** of this Order.

**SO ORDERED**, this 1st day of December, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] See supra note 1.